**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **OSCAR MORFIN VARGAS,**<br>     **Movant,** | **CRIMINAL NO.**<br>**1:09-CR-0509-2-JEC-GGB** |
| v. | **CIVIL ACTION NO.**<br>**1:12-CV-0234-JEC-GGB** |
| **UNITED STATES OF AMERICA,**<br>     **Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Oscar Morfin Vargas ("Morfin" or "Movant") has filed a motion to vacate his sentence under 28 U.S.C. § 2255 [Doc. 190]. Movant seeks to challenge the constitutionality of his 150-month sentence that was imposed on January 20, 2011 [Doc. 167], following his guilty plea on November 2, 2010. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 190]; and (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Doc. 193].

## I.  BACKGROUND

On November 17, 2009, Morfin was indicted in this district for drug trafficking, money laundering, and firearm offenses. [Doc. 13]. On December 1, 2009, a Magistrate

Judge appointed attorney Steven Berne to represent Morfin. [Doc. 30]. On December 15, 2009, Morfin filed a Motion to Suppress Tangible and Derivative Evidence and Statements, Admissions, and Confessions. [Doc. 36]. Morfin sought to suppress the evidence seized from 3260 Weathered Wood Way in Rex, Georgia. [*See* Docs. 36, 72, 76].

On January 19, 2010, Texas attorney, Orlando Jimenez, filed an application for admission *pro hac vice* on behalf of Morfin. Jimenez's application listed Berne as local counsel. [Doc. 57]; *see* Local Rule 83.1B(1), ND Ga. On January 20, 2010, the clerk returned Jimenez's application "for correction." During the application process, the Court allowed Jimenez to continue to represent Morfin. [Doc. 72 at 3]. Jimenez never corrected his application for admission *pro hac vice*. However, Morfin was never without counsel admitted to the bar of this court. Berne, a member of this court, was at all relevant times, either local counsel, or appointed under the Criminal Justice Act (CJA). [Doc. 72 at 3, Doc. 98].

On February 11, 2010, I conducted an evidentiary hearing on Morfin's motion to suppress. [Docs. 66, 72]. Prior to the hearing, the Government argued that Morfin must present evidence of standing in order to contest the search of 3260 Weathered Wood Way, Rex, Georgia. [Doc. 72 at 5-8, 13]. Thereafter, the Court advised Morfin that he

bore the burden of establishing the standing needed to challenge the search of the Weathered Wood Way residence. [*Id.* at 5-8]. During the hearing, Jimenez and Berne represented Morfin, with Jimenez conducting the witness direct and cross examinations. [Docs. 66, 72]. Morfin testified at the hearing. [Doc. 72 at 72-98].

On April 8, 2010, Morfin (through Jimenez) filed a Brief in Support of Defendant's Motion to Suppress, to which the Government responded on April 29, 2010. [Docs. 76, 80]. On May 12, 2010, I issued a Final Report and Recommendation finding that Morfin had established standing, but denying Morfin's motion to suppress. [Doc. 85]. The District Court adopted my Report and Recommendation on June 25, 2010. [Doc. 93].

On November 1, 2010, Morfin's jury trial began. [Doc. 155]. On November 2, 2010, Morfin entered a negotiated and binding plea of guilty to conspiring to possess with intent to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1); and conspiring to launder criminal proceeds, in violation of 18 U.S.C. §§ 1956(h) and (a)(2)(A). [Docs. 13, 156]. On January 20, 2011, pursuant to the binding plea agreement, the Court sentenced Morfin on Counts One and Four to concurrent 150-month terms of imprisonment, to be followed by three years of supervised release. [Docs. 156-1, 166, 167].

AO 72A
(Rev.8/82)

## II. DISCUSSION

Morfin argues that he received ineffective assistance of counsel. In support of his claim, he sets forth some of the procedural history of his case. [Doc. 190 at 1, 13]. His only complaints about counsel's performance are that (1) Jimenez failed to discuss the issue of standing with him; and (2) Jimenez failed to adequately prepare him for the evidentiary hearing on the motion to suppress. He also complains that Jimenez, "an attorney not officially sanctioned to appear, controlled the process connected to the suppression motion." [*Id.* at 13].

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate (1) that his counsel's performance was deficient, i.e., counsel's performance fell below an objective standard of reasonableness, and (2) that the movant suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The court need not address both components of the inquiry if the movant makes an insufficient showing on one. *Id.* at 697.

Morfin has failed to make a showing that he suffered prejudice as a result of the allegedly deficient performance of his counsel. Although he complains that Jimenez failed to discuss standing with him, Jimenez prevailed on the issue of standing. Thus,

4

he was obviously not prejudiced by counsel's alleged failure to discuss it with him. As far as his complaint about Jimenez's failure to adequately prepare him for the evidentiary hearing, he fails to explain what additional preparation would have accomplished. Therefore, Morfin's petition fails on the second component of *Strickland*.

With respect to Morfin's complaint that Jimenez was not officially sanctioned to appear, Morfin admits that he retained Jimenez to represent him. [Doc. 190 at 13]. Morfin does not contend that Jimenez was not a licensed attorney.

To succeed on a § 2255 motion, a movant must demonstrate that: (l) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. Any failure of Jimenez to comply with the local rules of this court in perfecting his application for admission to this court *pro hac vice* does not constitute a ground for relief under § 2255. Moreover, as discussed above, Morfin was at all times represented by a member of the bar of this court. Thus, Morfin's two ineffective assistance of counsel claims are without merit.

5

## III. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. His two ineffective assistance of counsel claims are without merit. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 190] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 14th day of December, 2012.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)